Citation Nr: 1725275 
Decision Date: 06/29/17 Archive Date: 07/18/17

DOCKET NO. 11-18 460A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service-connected disabilities (TDIU).


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


ATTORNEY FOR THE BOARD

M. Yuan, Associate Counsel


INTRODUCTION

The Veteran served on active duty from April 1977 to November 1978. This matter comes before the Board of Veterans' Appeals (Board) on appeal from a January 2010 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas. The Veteran was scheduled for a Travel Board hearing in July 2014; he failed to appear for that hearing. The case will therefore proceed as though the request for a hearing had been withdrawn. In October 2014 and May 2016, the case was remanded by another Veterans Law Judge (VLJ); it is now before the undersigned.

In October 2014 and May 2016 remands, the Board referred the issues of entitlement to an increased rating for fracture of odontoid process of C1 with fusion of C1, C2 and C3, an increased rating for a left hip donor site scar, and service connection for mental nerve injury to the Agency of Original Jurisdiction (AOJ) for adjudication in the first instance. However, a review of the record shows that none of these issues have been adjudicated. Therefore, they must again be referred to the AOJ for appropriate action. 38 C.F.R. § 19.9(b) (2016). 

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

The case is REMANDED for the following action:

1. Obtain all updated records of VA or adequately identified private evaluations or treatment the Veteran has received for service-connected disabilities.

2. Then, arrange for the Veteran to be examined by appropriate physicians to determine the current severity and functional impact of his service-connected scar of the head, face; or neck, residuals of a fractured left mandible ramus; right femur fracture; and sciatic nerve disability. Based on the appropriate examinations, a review of the record, and any tests or studies deemed necessary, the examiners should describe the functional impact of such disabilities and comment on the expected impact of each on the Veteran's ability to work, to specifically include identifying the types of work (i.e., physical, sedentary, etc.) that would be precluded and those that would remain feasible. 

A detailed explanation (rationale) is requested for all opinions provided. (By law, the Board is not permitted to rely on any conclusion that is not supported by a thorough explanation. Providing an opinion or conclusion without a thorough explanation will delay processing of the claim and may also result in a clarification being requested).

3. Then, the AOJ must arrange for the appropriate development and adjudication in conjunction with the referred issues identified above (service connection for a mental nerve injury and increased ratings for fractured odontoid process of C1 with fusion of the C1, C2, and C3 as well as a left hip donor site scar), to include obtaining any records or scheduling any examinations deemed necessary. Any and all opinions provided in this regard must also include detailed rationale.

4. Once the referred matters have been adjudicated, the AOJ should then review the record, arrange for any further development deemed necessary (e.g., additional examinations to determine functional impact of service-connected disabilities) and readjudicate the present TDIU claim, taking into consideration the functional impact of all service-connected disabilities. If it remains denied, the AOJ should issue an appropriate supplemental statement of the case, afford the Veteran and his representative opportunity to respond, and return the record to the Board. 

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).